WILLIAM KOVACIC
General Counsel
GREGORY A. ASHE
SEENA D. GRESSIN
JAMIE HINE
Federal Trade Commission
600 Pennsylvania Avenue
Washington, DC 20580
202-326-3719
GA 8431

CHRISTOPHER J. CHRISTIE
United States Attorney
MICHAEL A. CHAGARES
Chief, Civil Division
970 Broad Street, 7th Floor
Newark, NJ 07102
(973) 645-2700
MC 5483

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHECK INVESTORS, INC., et al., ) <br> ) <br> Defendants, and ) <br> ) <br> ELISABETH M. SUSSMAN, ) <br> ) <br> Relief Defendant. ) <br> _____ ) | Civil No. 03-2115 (JWB) |

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1

1.  The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l, to secure temporary, preliminary, and permanent injunctive relief, rescission of contracts, restitution, disgorgement, appointment of a receiver, and other equitable relief for Defendants' violations of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 et seq..

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692l. This action arises under 15 U.S.C. § 45(a) and 15 U.S.C. § 1692l.

3.  Venue in the District of New Jersey is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.  Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 et seq. The FTC is charged, inter alia, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, and the FDCPA, 15 U.S.C. § 1692, which prohibits deceptive and unfair collection practices. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA, and to secure such equitable relief as may be appropriate in each case, including consumer redress. 15 U.S.C. §§ 53(b) and 1692l(a).

## DEFENDANTS

5. Defendant CHECK INVESTORS, INC. ("Check Investors"), d/b/a National Check Control, is a New Jersey corporation with its principal place of business at 55 Hartz Way, Suite 202, Secaucus, New Jersey 07094. Defendant Check Investors transacts or has transacted business in the District of New Jersey.

6. Defendant CHECK ENFORCEMENT, INC. ("Check Enforcement"), d/b/a Goldman Check Systems, is a New Jersey corporation with its principal place of business at 55 Hartz Way, Secaucus, New Jersey 07094. Its principal place of business previously was Harmon Cove Tower One, Suite AL-13, Secaucus, New Jersey 07094, and its previous corporate name was "Check Enforcement is Not a Collection Agency, Inc." Defendant Check Enforcement transacts or has transacted business in the District of New Jersey.

7. Defendant JAREDCO, INC. ("Jaredco"), d/b/a Goldman & Co., is a New Jersey corporation. At all times material to this Complaint, defendant Jaredco maintained its principal place of business at Harmon Cove Tower One, Suite AL-13, Secaucus, New Jersey 07094. Defendant Jaredco transacts or has transacted business in the District of New Jersey.

8. Defendant BARRY S. SUSSMAN ("Sussman") is or has been the vice president and director of defendant Check Investors, and the president of defendants Jaredco, and Check Enforcement. He resides at 340 Slocum Way, Fort Lee, New Jersey 07024-4631. His principal place of business is now 55 Hartz Way, Suite 202, Secaucus, New Jersey 07094. His principal place of business previously was Harmon Cove Tower One, Suite AL-13, Secaucus, NJ 07094. At all times material to this Complaint, acting alone or in concert with others, defendant Sussman formulated, directed, controlled, or participated in the acts and practices of corporate defendants

Check Investors, Check Enforcement, and Jaredco, including the acts and practices set forth in this Complaint. Defendant Sussman transacts or has transacted business in the District of New Jersey.

9. Defendant CHARLES T. HUTCHINS ("Hutchins") is an attorney and member of the New Jersey bar. He resides at 5011 Marshall Road, Farmingdale, NJ 07727. Defendant Hutchins is or has been general counsel to corporate defendants Check Investors, Check Enforcement, and Jaredco. Upon information and belief, his principal place of business is now 55 Hartz Way, Suite 202, Secaucus, New Jersey 07094. His principal place of business previously was Harmon Cove Tower One, Suite AL-13, Secaucus, NJ 07094. At all times material to this Complaint, acting alone or in concert with others, defendant Hutchins formulated, directed, controlled, or participated in the acts and practices of corporate defendants Check Investors, Check Enforcement, and Jaredco, including the acts and practices set forth in this Complaint. Defendant Hutchins transacts or has transacted business in the District of New Jersey.

10. Defendants Check Investors, Check Enforcement, Jaredco, Sussman, and Hutchins are "debt collectors" as defined in section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

11. Relief defendant ELISABETH M. SUSSMAN is the spouse of defendant Barry S. Sussman. Individually or jointly with her spouse, she has received funds and other property that were derived unlawfully from payments by consumers as a consequence of the acts and practices complained of herein. Elisabeth Sussman resides in the District of New Jersey.

## COMMERCE

12. At all times material to this complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

13. Defendants Check Investors, Check Enforcement, Jaredco, Sussman, and Hutchins (collectively, "NCC" or "Defendants"), engage in the collection of debts for consumer checks returned for non-sufficient funds ("NSF checks").

14. NCC operated as Jaredco, d/b/a Goldman & Co., from 1995 through about August 2001; operated as Check Enforcement from about August 2001 through about January 2002; and has operated as Check Investors, d/b/a National Check Control, since about December 2001 to the present.

15. NCC has employed defendant Hutchins since at least January 2001.

16. NCC purchases at a substantial discount NSF checks from large commercial retailers or companies that provide point-of-sale check authorization and check warranty services to commercial retailers. NCC then collects payment for the NSF checks on its own behalf. Generally, the NSF checks that NCC purchases are two or more years old. NCC has maintained that it holds more than 3 million checks for collection and makes initial contacts with 150,000 consumers every month to collect payment. NCC collects payment for NSF checks nationwide.

17. NCC collects payment for NSF checks through dunning letters and telephone calls to consumers. NCC attempts to collect debts in an amount that equals the face value of the check, plus an additional amount that is generally $125 or $130. NCC's dunning letters identify

consumers' purported debts as "Total Due," "Amount Due" or "Amount Required," without separately identifying the face value of the NSF checks or the additional amount that NCC has included in the total debt purportedly due.

    18.    NCC's dunning letters represent that NCC, or commercial clients that NCC purports to represent, will bring criminal and/or civil action against consumers unless the consumers submit payment to NCC for the full amount that NCC demands. For example, one form dunning letter that NCC sends to consumers is on the letterhead of defendant "CHARLES T. HUTCHINS, ATTORNEY AT LAW." The letter warns that Hutchins' "client" is considering criminal and civil action against the consumer for issuing "fraudulent checks." The letter states:

> If you are prosecuted and convicted, you may have a permanent criminal record. If my client decides to sue civilly, you may receive a summons at home or work that may require a court appearance. Losing the lawsuit may allow the court to order garnishments of your wages, attachment of bank accounts and seizure of property.
>
> . . . You can avoid the possibility of the aforementioned criminal and/or civil action only by paying the total amount due within 10 days.

    19.    Another NCC form dunning letter identifies itself as a "NOTICE OF INTENT TO RECOMMEND CRIMINAL PROCEEDINGS." It states, in part, "YOU ARE HEREBY ADVISED THAT CRIMINAL CHARGES ARE BEING RECOMMENDED AGAINST YOU."

    20.    On numerous occasions, in dunning telephone calls to consumers or third parties, NCC represents that the consumers will be arrested imminently for check fraud if the consumers or third parties fail to submit immediate payment to NCC for the full amount that NCC demands.

    21.    On numerous occasions, NCC's dunning letters fail to notify consumers that they have the right to obtain verification of and dispute their purported debts.

## FAIR DEBT COLLECTION PRACTICES ACT

22. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692o, which became effective on March 20, 1978, and has been in force ever since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the FTC to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, including the power to enforce the provisions of the FDCPA in the same manner as if the violations were violations of a Federal Trade Commission trade regulation rule.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT ONE

23. On numerous occasions, in connection with the collection of debts, defendants Check Investors, Check Enforcement, Jaredco, and Sussman have communicated with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post judgment judicial remedy, in violation of section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

### COUNT TWO

24. On numerous occasions, in connection with the collection of debts, defendants Check Investors, Check Enforcement, Jaredco, and Sussman have engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to:

(a) Using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

(b) Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass a person at the number called, in violation of section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

### COUNT THREE

25. On numerous occasions, in connection with the collection of debts, Defendants have used false, deceptive, or misleading representations or means, in violation of section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

(a) Falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt, in violation of sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B);

(b) Falsely representing or implying that an individual is an attorney or that a communication is from an attorney, in violation of section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

(c) Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person or seizure, garnishment, or attachment of a person's property or wages, when such action is not lawful

or when Defendants have no intention of taking such action, in violation of section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

(d) Threatening to take action that Defendants do not intend to take, such as filing a lawsuit, in violation of section 807(5) of the FDCPA, 15 U.S.C. § 1692(5);

(e) Falsely representing or implying that a consumer committed a crime or other conduct in order to disgrace the consumer, in violation of section 807(7), 15 U.S.C. § 1692e(7); and

(f) Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

## COUNT FOUR

26. On numerous occasions, in connection with the collection of debts, Defendants have used unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1).

## COUNT FIVE

27. On numerous occasions, in connection with the collection of debts, Defendants have failed to notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in the initial communication with consumers by

Defendants, or within five days thereafter, in violation of section 809(a) of the FDCPA, 15 U.S.C. §1692g(a).

## VIOLATION OF SECTION 5 OF THE FTC ACT

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

### COUNT SIX

29. On numerous occasions, in connection with the collection of debts, Defendants have represented, expressly or by implication, that consumers owe the amounts specified in Defendants' communications to satisfy the consumers' purported NSF check debts.

30. On numerous occasions, consumers do not owe the amounts that Defendants specify as the amounts owed to satisfy the consumers' purported NSF check debts. Defendants include in the amounts they represent as owed an additional charge of, generally, $125 or $130, over the face value of the NSF check, but do not identify the additional charge or list it separately from the face value of the NSF check. On numerous occasions, the additional charge exceeds the maximum allowed by the laws of the consumer's state.

31. Therefore, Defendants' representations as set forth in Paragraph 29 are false or misleading and constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT SEVEN

32. On numerous occasions, in connection with the collection of debts, Defendants have represented, expressly or by implication, that:

    (a)    The NCC collector is an attorney or that NCC's communication is from an attorney;

    (b)    Nonpayment of a debt will result in a consumer's arrest or imprisonment, or seizure, garnishment, or attachment of a consumer's property or wages;

    (c)    NCC intends to take legal action against a consumer; or

    (d)    The consumer has committed a crime by issuing an NSF check.

33.    In truth and in fact, on numerous occasions:

    (a)    The NCC collector is not an attorney or NCC's communication is not from an attorney;

    (b)    Nonpayment of a debt will not result in a consumer's arrest or imprisonment, or seizure, garnishment, or attachment of a consumer's property or wages;

    (c)    NCC does not intend to take legal action against a consumer; or

    (d)    The consumer has not committed a crime by issuing an NSF check.

34.    Therefore, Defendants' representations as set forth in Paragraph 32 are false or misleading and constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **CONSUMER INJURY**

35.    Consumers nationwide have suffered or will suffer substantial monetary loss as a result of Defendants' violations of section 5(a) of the FTC Act and the FDCPA. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), empower this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the FTC.

37.     This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by Defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, pursuant to section 13(b) of the FTC Act, 15 U.S.C. §§ 53(b), and section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), and pursuant to its own equitable powers:

1.  Award plaintiff such preliminary injunctive and ancillary relief, including a temporary restraining order and appointment of a receiver, as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;

2.  Permanently enjoin Defendants from violating the FTC Act and the FDCPA;

3.  Permanently enjoin Defendants from engaging, directly or indirectly, in the occupation of debt collector;

4.  Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants;

5. Award such relief against relief defendant Elisabeth Sussman that the Court finds necessary to protect and return funds and other property that were derived from Defendants' violations of Section 5(a) of the FTC Act and the FDCPA, including an order to disgorge all ill-gotten gains or proceeds that she has received as a result of the acts and practices complained of herein, and an order imposing a constructive trust upon such gains or proceeds; and

6. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: October 4, 2004

Respectfully submitted,

WILLIAM KOVACIC
General Counsel

_____
GREGORY A. ASHE
SEENA D. GRESSIN
JAMIE HINE
Federal Trade Commission
600 Pennsylvania Avenue
Washington, DC 20580
202-326-3719

CHRISTOPHER J. CHRISTIE
United States Attorney
MICHAEL A. CHAGARES
Chief, Civil Division
970 Broad St., 7th Floor
Newark, NJ 07102
(973) 645-2700

Attorneys for Plaintiff