UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHECK INVESTORS, INC., et al., )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>ELISABETH SUSSMAN, )<br>)<br>Relief Defendant. )<br>_____)  | Civil No. 03-2115 (JWB) |

### STIPULATED FINAL ORDER FOR SETTLEMENT OF CLAIMS AS TO RELIEF DEFENDANT ELISABETH SUSSMAN

The Federal Trade Commission ("FTC") commenced this civil action on May 12, 2003, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a). The FTC seeks both permanent injunctive relief and consumer redress for alleged unfair or deceptive acts or practices by Defendants in connection with the collection of purported debts from consumers. The defendants, as named in the First Amended Complaint for Injunctive and Other Equitable Relief ("Complaint"), are Check Investors, Inc., Check Enforcement, Inc., Jaredco, Inc., Barry Sussman, and Charles Hutchins. The Complaint names Elisabeth Sussman as a relief defendant. The FTC and relief defendant Elisabeth Sussman hereby stipulate to this Final Order for Settlement of Claims ("Order").

### FINDINGS

By stipulation of the parties, the Court finds as follows:

1.  The FTC has the authority under Section 13(b) of the FTC Act and Section 814(a) of the FDCPA to seek the relief it has requested, and the Complaint states a claim upon which relief may be granted against relief defendant Elisabeth Sussman.

2.  This Court has jurisdiction over the subject matter of this action and has jurisdiction over relief defendant Elisabeth Sussman. Venue in the District of New Jersey is proper.

3.  The FTC and relief defendant Elisabeth Sussman stipulate and agree to this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Order. Relief defendant Elisabeth Sussman does not admit any of the allegations set forth in the Complaint, other than jurisdictional facts. The FTC and relief defendant Elisabeth Sussman stipulate and agree that this Order constitutes a settlement agreement pursuant to Federal Rule of Evidence 408.

4.  Relief defendant Elisabeth Sussman waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. She also waives any claim that she may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys' fees.

5.  Entry of this Order is in the public interest.

## ORDER

## MONETARY RELIEF

I.  IT IS THEREFORE ORDERED that:

A.  HSBC Bank shall, within ten (10) business days of the date of entry of this Order, transfer to the FTC or its designated agent all assets held in account numbers 028642627, in the name of Elisabeth Sussman;

B.  RBC Dain Rauscher shall, within ten (10) business days of the date of entry of this Order, liquidate all holdings in account number 12F5-8809-8344, in the name of Elisabeth Sussman, and transfer the proceeds of such liquidation to the FTC or its designated agent;

C.       Saiber, Schlesinger, Satz & Goldstein, LLC shall, within ten (10) business days of the later to occur of (i) the date of entry of this Order or (ii) the closing date for the sale of the property located at 340 Slocum Way, Fort Lee, New Jersey ("Property"), transfer to the FTC or its designated agent cash in an amount equal to 50% of the net sales proceeds of such sale. For purposes of this sub-section (C), "net sales proceeds" shall mean the total sales proceeds from the sale of the Property after (i) payment of the existing mortgage obligations due and owing on the Property and (ii) payment of any reasonable and customary closing costs incurred in connection with such sale, provided that all such reasonable and customary closing costs must be first approved by counsel for the FTC, which approval shall not be unreasonably withheld.

D.       Any funds received by the FTC pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement. Relief defendant Elisabeth Sussman shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

E.       Relief defendant Elisabeth Sussman agrees that the facts as alleged in the Complaint shall be taken as true in the event of any subsequent litigation to collect amounts due pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy proceeding.

F.       The judgment entered pursuant to this Order is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

G.       Relief defendant Elisabeth Sussman acknowledges and agrees that any money paid pursuant to this Order is irrevocably paid to the FTC for purposes of settlement between the

FTC and relief defendant Elisabeth Sussman, and she relinquishes all rights, title, and interest to such money.

H. Relief defendant Elisabeth Sussman is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC her tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## ASSET FREEZE

II. IT IS FURTHER ORDERED that, upon entry of this Order and the turn over of the funds identified in Section I, the freeze of relief defendant Elisabeth Sussman's individual assets shall be dissolved; *provided, however*, that the asset freeze shall remain in full force and effect as to (1) any asset held jointly with defendant Barry Sussman, (2) the safe deposit box number A2395-4 in the name of Elisabeth Sussman located at Fleet Bank, Branch #93053, 154 Main Street, Fort Lee, New Jersey, and (3) the safe deposit box number 025-0003383 located at Bank of New York, Branch #250, 1 Harmon Plaza, Secaucus, New Jersey.

## RIGHT TO REOPEN

III. IT IS FURTHER ORDERED that, within ten (10) business days after entry of this Order, relief defendant Elisabeth Sussman shall submit to the FTC a truthful sworn statement that shall acknowledge receipt of this Order and shall reaffirm and attest to the truth, accuracy and completeness of her financial statement submitted to the FTC prior to the date of entry of this Order. The FTC's agreement to this Order is expressly premised on the truthfulness, accuracy and completeness of such financial statement. If the FTC determines that her financial statement contains any material misrepresentation or omission, the FTC may request that this Order be reopened to allow the FTC to modify relief defendant Elisabeth Sussman's monetary liability; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this

Order. For purposes of this Section III, relief defendant Elisabeth Sussman waives any right to contest any of the allegations in the Complaint.

## RETENTION OF JURISDICTION

IV.     IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

## ENTRY OF THIS FINAL JUDGMENT

V.      IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay and the Clerk of Court immediately shall enter this Order as a final judgment as to relief defendant Elisabeth Sussman.

:

*Elisabeth Sussman*
ELISABETH M. SUSSMAN, Relief Defendant

*[signature]*
WILLIAM F. MADERER
Saiber, Schlesinger, Satz & Goldstein, LLC

STEPHEN R. LACHEEN
Stephen R. LaCheen & Associates

Attorneys for relief defendant Elisabeth Sussman

*[signature]*
GREGORY A. ASHE
SEENA D. GRESSIN
KAREN S. HOBBS
Federal Trade Commission

MICHAEL A. CHAGARES
United States Attorneys Office

Attorneys for Plaintiff

**IT IS SO ORDERED**, this ___5th___ day of ___October___, 2004.

*[signature]*
JOHN W. BISSELL
UNITED STATES DISTRICT JUDGE